IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRETT F. HOGAN,

    **Plaintiff,**

v.                                       CASE NO. 19-2040-SAC

MARSHALL COUNTY, KANSAS, BOARD
OF COUNTY COMMISSIONERS,
et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this action during his pretrial detention at the Marshall County Confinement Center in Marysville, Kansas ("MCCC"). Plaintiff commenced this action in the District Court of Marshall County, Kansas, and the matter was removed to this Court on January 24, 2019. This matter is before the Court on Defendants' Motion to Dismiss and/or Motion for Judgment on the Pleadings (Doc. 8). Plaintiff has also filed a Motion to Dismiss (Doc. 15). Plaintiff asks the Court to "dismiss the Petition of Habeas Corpus and . . . not view this as a complaint." (Doc. 15, at 3.) Defendants filed a response (Doc. 16) to Plaintiff's motion to dismiss, noting that Plaintiff removed his request for monetary damages in his Amended Petition, thereby leaving a request for injunctive relief only. Because Plaintiff is no longer detained at the MCCC, Defendants assert that Plaintiff lacks standing to seek injunctive relief. Defendants state that they are not opposed to Plaintiff's motion to dismiss, provided that the dismissal is with prejudice.

**I. Factual Background**

Plaintiff's original pleading was titled "Writ of Habeas Corpus in Regard to Custody." (Doc. 4–1.) Plaintiff alleges that during his detention he was subjected to cruel and unusual

punishment in violation of the Eighth Amendment. Plaintiff alleges that the facility had inadequate seating that "causes unwanted pain to lower back, hemorrhoids, bad posture, and physical lower body pain." (Doc. 4–1, at 2.) Plaintiff also alleges "uncivilized prolonged isolation from the sun," negligence in failing to set up therapy for seasonal affective disorder, and the lack of a chow hall. Plaintiff also alleges that the current policy to safeguard the Fourth Amendment regarding strip searches is per se unconstitutional. Plaintiff does not describe the strip search policy, or allege that he has been subjected to any strip search. Plaintiff also alleges the inadequate medical treatment of inmates due to "the long standing of failure to establish a client-professional relationship" and the failure to "afford any extending testing, preventative medicine practices." (Doc. 4–1 at 13.) Plaintiff seeks relief in the form of "adequate housing, sunlight, proper seating, fruit, a proper strip search protocol, and proper mental health care to KSAS, Constitution, and $2,000 per offense civil penalties." *Id*. at 4. On February 14, 2019, Plaintiff filed an "Amended Writ of Habeas Corpus in Regard to Custody" (Doc. 10), in which he removes his request for "$2,000 per offense civil penalties," and adds a claim regarding the lack of fruit in the meals at MCCC. Plaintiff names as Defendants: the Marshall County, Kansas, Board of County Commissioners; Timothy Anderson, Jail Administrator; and Daniel Hargrave, Sheriff.

## II. Standard of Review

The Court must construe pro se filings liberally. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). The Court does not, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id*. Moreover, "pro se parties [must] follow the same rules of procedure that govern other litigants." *Id*.

punishment in violation of the Eighth Amendment. Plaintiff alleges that the facility had inadequate seating that "causes unwanted pain to lower back, hemorrhoids, bad posture, and physical lower body pain." (Doc. 4–1, at 2.) Plaintiff also alleges "uncivilized prolonged isolation from the sun," negligence in failing to set up therapy for seasonal affective disorder, and the lack of a chow hall. Plaintiff also alleges that the current policy to safeguard the Fourth Amendment regarding strip searches is per se unconstitutional. Plaintiff does not describe the strip search policy, or allege that he has been subjected to any strip search. Plaintiff also alleges the inadequate medical treatment of inmates due to "the long standing of failure to establish a client-professional relationship" and the failure to "afford any extending testing, preventative medicine practices." (Doc. 4–1 at 13.) Plaintiff seeks relief in the form of "adequate housing, sunlight, proper seating, fruit, a proper strip search protocol, and proper mental health care to KSAS, Constitution, and $2,000 per offense civil penalties." *Id*. at 4. On February 14, 2019, Plaintiff filed an "Amended Writ of Habeas Corpus in Regard to Custody" (Doc. 10), in which he removes his request for "$2,000 per offense civil penalties," and adds a claim regarding the lack of fruit in the meals at MCCC. Plaintiff names as Defendants: the Marshall County, Kansas, Board of County Commissioners; Timothy Anderson, Jail Administrator; and Daniel Hargrave, Sheriff.

## II. Standard of Review

The Court must construe pro se filings liberally. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). The Court does not, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id*. Moreover, "pro se parties [must] follow the same rules of procedure that govern other litigants." *Id*.

A court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).[1] In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

**III. Discussion**

The Eighth Amendment claims Plaintiff attempts to raise are general complaints about the conditions of his confinement. Plaintiff's claims regarding the type of seating provided, the lack of sunlight, the lack of fruit, the lack of therapy for SAD, and the inadequate chow hall, are all complaints about the restrictions and conditions at MCCC. Plaintiff alleges that these jail conditions are a form of punishment constituting cruel and unusual punishment in violation of the Eighth Amendment.[2]

A prison official violates the Eighth Amendment when two requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "First, the deprivation alleged must be,

---

[1] Defendants' motion technically arises under Rule 12(c) because the Defendants previously filed an Answer invoking certain defenses. *See* Doc. 5; *Brown v. Montoya*, 662 F.3d 1152, 1160 n. 4 (10th Cir. 2011) ("We use the same standard when evaluating 12(b)(6) and 12(c) motions.") (citation omitted). The standards applicable to Rule 12(b)(6) and 12(c) Motions are the same. *See generally, Morris v. City of Colo. Springs*, 666 F.3d 654, 660 (10th Cir. 2012).

[2] Plaintiff was a pretrial detainee, rather than a convicted prisoner, at the time giving rise to the allegations in his complaint. That distinction, however, is not critical here. Although the Due Process Clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment sets the bench mark for such claims. *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) (citations omitted); *see also Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009) (quoting *Garcia v. Salt Lake County*, 768 F.2d 303, 307 (10th Cir. 1985) ("Under the Fourteenth Amendment due process clause, 'pretrial detainees are . . . entitled to the degree of protection against denial of medical attention which applies to convicted inmates' under the Eighth Amendment.")).

objectively, 'sufficiently serious.'" *Id.* To satisfy the objective component, a prisoner must allege facts showing he or she is "incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). The Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The Supreme Court has acknowledged that the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citations omitted). Indeed, prison conditions may be "restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "Under the Eighth Amendment, (prison) officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (citation omitted).

The second requirement for an Eighth Amendment violation "follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer*, 511 U.S. at 834. Prison officials must have a "sufficiently culpable state of mind," and in prison-conditions cases that state of mind is "deliberate indifference" to inmate health or safety. *Id*. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. "The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" *Id*. It is not enough to establish that the official should have known of the risk of harm. *Id*.

4

Because the sufficiency of a conditions-of-confinement claim depends upon "the particular facts of each situation; the 'circumstances, nature, and duration' of the challenged conditions must be carefully considered." *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)). "While no single factor controls . . . the length of exposure to the conditions is often of prime importance." *Id*. As the severity of the conditions to which an inmate is exposed increases, the length of exposure required to make out a constitutional violation decreases. Accordingly, "minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations. . .' may meet the standard despite a shorter duration." *Id*. (citations omitted).

Plaintiff alleges very few facts that support his claims about the conditions of his confinement. Plaintiff fails to allege that any named defendant was personally responsible for any of the conditions. Plaintiff complains of inadequate seating, but he fails to allege the type of seating, where it is located, how often it is used, and what makes it such an abhorrent type of seating that it would violate the Eighth Amendment. Similarly, Plaintiff complains about lack of sunlight but alleges no specific facts regarding his exposure to sunlight. Plaintiff does not allege anything about how often he is allowed outside, how many windows there are at the jail, or how often he is exposed to sunlight. Plaintiff alleges that the lack of a "chow hall" forces him to eat on his bed, the toilet, or on "hard steel seats," but he offers no further elaboration of how this violates the Eighth Amendment.

Plaintiff alleges no facts showing that a defendant "both knew of and disregarded an excessive risk to [his] health or safety." Plaintiff has failed to allege any deprivation that is "sufficiently serious" to implicate the Eighth Amendment. Plaintiff has failed to allege any specific policy, custom, or procedure of the Board that resulted in the alleged violation of his

constitutional rights. Instead, he has pled "threadbare recitals of a cause of action accompanied by conclusory statements." *Twombly*, supra at 556. Plaintiff has not made a facially plausible claim that sufficiently alleges an Eighth Amendment violation. Plaintiff's complaints regarding the conditions of his confinement at MCCC fail to state a claim of cruel and unusual punishment.

Plaintiff also raises an alleged Fourth Amendment claim almost in passing. Plaintiff has pled such few facts that this Court has no means to analyze the claim. Plaintiff alleges that MCCC has a "strip search" policy that is "per se" unconstitutional. No other facts are pled. Plaintiff does not even allege that he has been subjected to this type of search, and has failed to allege adequate facts that would give him standing to challenge this policy. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). Plaintiff fails to state a plausible claim under the Fourth Amendment.

## IV. Conclusion

Because Plaintiff has not pled any facially plausible claims, this case must be dismissed. Plaintiff has asserted a "strip search" protocol that he alleges to be a "per se" constitutional violation without supporting that allegation with any facts. Plaintiff has not plead any facts with particularity regarding any of the individual defendants. He has not alleged specific actions taken by each defendant that purportedly violated his constitutional rights, or that any defendant had the required state of mind to be held liable for such a violation.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss (Doc. 8) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss (Doc. 15) is **granted.**

**IT IS FURTHER ORDERED** that this matter is **dismissed with prejudice.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Stay Discovery is **denied as moot.**

**IT IS SO ORDERED.**

**Dated in Topeka, Kansas, on this 7th day of June, 2019.**

<u>**s/ Sam A. Crow**</u>
**SAM A. CROW**
**U. S. Senior District Judge**